## ROGERS v. BLITZ.
### No. 14904.

Court of Appeal of Louisiana. Orleans.
May 22, 1935.

Johnston Armstrong and Daniel Wendling, both of New Orleans, for appellants.

Percy Stern, of New Orleans, for appellee.

JANVIER, Judge.

This case presents a most unusual question —one which has given us much concern. The suit is one for damages. Plaintiff alleges that defendant, in the presence of other persons, forced himself into plaintiff's home, applied vile epithets and abuse, struck and assaulted him, and was instrumental in breaking certain household furniture. The petition in which the said allegations are set forth bears an affidavit of verification purporting on its face to have been signed by the plaintiff, Clarence Rogers. On the trial plaintiff took the stand and, on direct examination, testified substantially to the alleged facts set forth in the petition. On cross-examination counsel for defendant asked plaintiff whether he had signed the verification attached to the petition, and the plaintiff an-

swered: "I don't remember seeing this before." When asked the direct question whether or not he had signed the verification, he said: "No, sir." Thereupon his counsel made the following statement: "If the fool says he did not sign it he is out of court. I abandon the case, your Honor." As soon as this statement was made, judgment was rendered dismissing plaintiff's suit. Within the delay in which a new trial might have been applied for, motion for new trial was filed by plaintiff, who suggested in the motion several grounds on which the new trial should be granted: First, that the objection to the verification should have been made in limine under Act No. 27 of 1926, which is known as the Pleading and Practice Act; second, that at the time the suit was dismissed there were other witnesses waiting in the courtroom to testify on behalf of plaintiff, and that their testimony should have been adduced; third, that counsel had no authority to agree to a dismissal of the suit if the statement made by him could be construed as an agreement that the suit should be dismissed.

We note at the outset that, although the plaintiff stated that he had not signed the petition, he had testified under oath to every essential fact set forth in the petition. Therefore, even if there had been no signature or name attached to the verification, the suit should not have been dismissed for want of verification at that time.

Furthermore, it is well recognized that an attorney has no right to compromise or dismiss his client's case unless the client is familiar with all the circumstances and facts and agrees thereto, and it is very evident that there was some misunderstanding of the true facts in this matter. It is very true that the objection to the verification could not have been made in limine, because, manifestly, neither defendant nor defendant's counsel could have had any knowledge of the fact that the signature which appeared at the end of the affidavit of verification had not been executed by the plaintiff himself. Nevertheless, in view of the fact that plaintiff testified to all of the allegations of the petition, we do not think that the suit should have been dismissed on this ground. The fact that the plaintiff stated that he had not signed the verification may be a very suspicious circumstance, and possibly may be taken into consideration when the time comes to determine whether or not plaintiff's testimony is true, but we think that that is the only effect which

can be given to it in view of the testimony under oath of plaintiff.

We have decided to remand the matter for the submission of further evidence by both parties, but we think that it would be most unfair to require that the defendant pay the costs of this appeal, which manifestly was made necessary solely because of the actions of plaintiff and of his counsel.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that the matter be remanded to the First city court of New Orleans for further proceedings according to law and not inconsistent with the views herein expressed, costs of this appeal to be paid by plaintiff, all other costs to await final determination.

Reversed and remanded.